[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 23, 1997, the plaintiff, Paul A. Wolf, filed a complaint against the defendant, Servco Oil, Inc. The plaintiff alleges the following facts in his complaint.
Wolf was employed by Servco commencing on or about October 3, 1993 through his termination on or about November 1, 1996. At the time Wolf was offered full-time employment by Servco, he was told by a management employee that if he accepted such employment, Servco would take all steps necessary to permit Wolf to be licensed in the repair and installation of burners.[1] Wolf accepted such offer of employment.
During the course of his employment, Wolf observed a number of employment practices of Servco which he believed violated state or federal laws.[2] When Wolf questioned his supervisor, Mr. Pete Lebrun, regarding these practices, Lebrun reacted negatively and angrily.
On October 30, 1996, Lebrun questioned Wolf concerning a time sheet completed by Wolf for October 29, 1996. Following the questioning, Lebrun suspended Wolf without pay for three days. Directly thereafter, Wolf was driven home by another employee of Servco, Mr. Andy Ball. During the drive home, Wolf made the following statement to Ball: "I'm going to shut Servco down tomorrow. I'm going to call the Labor Board, OSHA and the IRS." Thereafter, Ball reported back to Lebrun what Wolf had stated.
Wolf's complaint sets forth the following claims: (1) violation of General Statutes § 31-51q; (2) breach of an oral contract; (3) defamation. CT Page 867
On May 29, 1997, Servco filed a motion to strike counts one and two of Wolf's complaint. In response, the plaintiff filed a memorandum of law in opposition on July 24, 1997.
"The purpose of the motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v.United Technologies Corporation, 240 Conn. 576, 580, 693 A.2d 293
(1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The court must construe facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 580. "This includes the facts necessarily implied and fairly provable under the allegations . . . ." (Internal quotation marks omitted.) WestportBank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490,495, 605 A.2d 862 (1992).
Wolf alleges in count one of his complaint that Servco's actions violate General Statutes § 31-51q.[3] In order for Wolf to state a claim under § 31-51q, he "must allege that in engaging in the speech at issue [he] was exercising his . . . rights as a citizen with respect to a `matter of public concern.'Connick v. Myers, 461 U.S. 138, 146-48 (1982)." Bakelman v.Paramount Cards, Inc., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 457940 (June 1, 1994, Lavine, J.). "The issue to be addressed is not simply whether the subject matter of the employee's complaints touches on a matter of public concern generally; the issue is whether acting as he did, an employee was acting as a citizen attempting to speak out on a public issue, or whether the employee was instead attempting to resolve a private dilemma relating to employment." Bakelman v. Paramount Cards, Inc., supra, Superior Court, Docket No. 457940.
In the present case, the facts alleged in the complaint can only be construed as an attempt by Wolf to seek revenge against Servco. Wolf's statements that he was going to call government agencies to "shut Servco down" were indicative of a disgruntled employee speaking out about his own personal dissatisfaction with CT Page 868 his employer. Wolf's complaint fails to adequately allege that he was acting as a citizen pursuing a matter of public concern. Thus, Servco's motion to strike count one of the complaint is be granted.
Wolf alleges in count two of his complaint that when he was hired by Servco, he was told that if he accepted such employment, Servco would take all steps necessary to permit Wolf to be licensed in the repair and installation of oil burners. In Connecticut, contracts of permanent employment, and employment contracts for an indefinite duration, are terminable at the will of either party. Sheets v. Teddy's Frost Foods, Inc.,179 Conn. 471, 474, 427 A.2d 385 (1980). "[H]owever, exceptions have been made to the general rule regarding the termination of at-will employees, where the courts have found implied employment contracts terminable for cause. Coelho v. Posi-Seal InternationalInc., 208 Conn. 106, 117-19 [544 A.2d 170] (1988)." Barbuto v.The William Backus Hospital, Superior Court, judicial district of New London at Norwich, Docket No. 105452 (April 13, 1995, Hendel, J.). "Absent a statutory warranty or definitive contract language, the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact." Torosyan v.Boehringer Ingelheim Pharmaceuticals, Inc., 234 Conn. 1, 15,662 A.2d 89 (1995).
In the present case, Wolf alleges that Servco, prior to hiring Wolf, promised him that it would license him in the repair and installation of burners. It can be inferred from these allegations that part of Wolf's employment contract was an agreement by Servco to license Wolf. Under such agreement, Wolf was not an employee at will, but was employed for a definite term. The term was to continue until Servco licensed Wolf. Thus, Servco's motion to strike count two of the complaint is denied.
Leheny, J.